Motions for Rehearing Overruled and Supplemental Memorandum Majority
Opinion and Memorandum Concurring Opinion on Rehearing filed on September 16,
2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00019-CV

___________________

 

Thomas Swonke and Christopher Goodrich,
Appellants

 

V.

 

First Colony Community Services Association,
Inc., Appellee



 



 

On
Appeal from the 400th District Court

Fort Bend County,
Texas



Trial Court Cause No. 07-CV-160602

 



 

 

MEMORANDUM CONCURRING OPINION
ON REHEARING

I agree that the Motions
for Rehearing should be overruled.  However, upon consideration of the Motions,
I have concluded that our analysis in our original opinion is incorrect as it
relates to the email notice of the Nominating Committee.  

It appears to me that the
following three By-Law provisions apply:

Article III, Section 5:

[N]ominations for election to the
Board of Directors shall be made by a Nominating Committee.  The Nominating
Committee shall consist of a Chairman, who shall be a member of the Board of
Directors, and two (2) or more Members of the Association.  The Nominating
Committee shall be appointed by the Board of Directors . . . .

Article V, Section 1:

Committees are hereby authorized
to perform such tasks and to serve for such periods as may be designated by a
resolution adopted by a majority of the Directors present at a meeting at which
a quorum is present.  Such Committees shall perform such duties and have such
powers as may be provided in the resolution creating same.  Each Committee
shall be composed and shall operate in accordance with the terms of the
resolution of the Board of Directors designating the committee or with rules
adopted by the Board of Directors.

Article VI, Section 5:

Unless otherwise provided in these By-Laws, all notices,
demands, bills, statements, or other communications made or given under these
By-Laws shall be in writing and shall be deemed to have been duly given if
delivered personally or if sent by U.S. mail, first class postage prepaid, or
by facsimile.

I note that, in my opinion,
Article III, Section 11 of the By-laws does not apply because it clearly deals
with Special Meetings of the Board of Directors.  The Nominating Committee may
be composed of two or more non-Board Members of the Association, and therefore
its meetings are not “Board of Director meetings.”

In this case, the
Nominating Committee was appointed by the Board of Directors under the By-laws,
a meeting was held by the Nominating Committee to perform the duties set out in
the By-laws, and a notice of a committee meeting was sent out.  The issue is
whether the notice was legally sufficient.  The Summary Judgment record does
not establish, as a matter of law, whether the notice was sufficient for the
following reasons:

1.  We do not have in the
Summary Judgment record a copy of the Resolution of the Board of Directors that
created the Nominations Committee. It is possible that the Resolution set out
rules for the Committee, including Notice rules.  If the Resolution does NOT
address Notice rules, then the general Notice provisions in the By-laws under
Article VI, Section 5, would apply.

2.  Article VI, Section 5
requires notices to be in writing.  In the present case an email notice was
sent.  In my opinion, an email notice is a “written” notice.  A written notice
is “deemed to have been duly given if delivered personally or if sent by U.S.
mail, first class postage prepaid, or by facsimile.”  In the present case, we
cannot “deem” receipt of the notice.  Receipt of the email notice must be
proven.  Appellant Goodrich admitted that he received the email notice of the
meeting.  However, there is no evidence of receipt of the notice by the other
members of the Nominating Committee who did not attend the meeting. 

Accordingly, for these
reasons, rather than the reasons stated in the Majority Opinion, neither party
is entitled to Summary Judgment on the Notice issue.  I agree with the Majority
Opinion in the remainder of its analyses.  Therefore, I concur in the
Overruling of the Motions for Rehearing.            

 

                                                                                    

                                                                        /s/        Margaret
Garner Mirabal

                                                                                    Senior
Justice[1]

 

 

Panel consists of Chief Justice Hedges and Justice Anderson
and Senior Justice Mirabal. (Hedges, CJ. Majority.)









[1] Senior Justice Margaret
Garner Mirabal sitting by assignment.